O'STEEN & HARRISON
ATTORNEYS AT LAW

Jonathan V. O'Steen, Esq. – State Bar #024043
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
josteen@vanosteen.com
**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mason Ruse, | NO. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **(Tort/Motor Vehicle)** |
| Rony Transportation, LLC, a Florida limited liability company; Kings Way USA Transport, Inc., a Florida corporation; Rigoberto Santander, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Mason Ruse, by and through his attorneys undersigned, and for his claims against the Defendants, alleges as follows:

### PARTIES

1. Plaintiff Mason Ruse resides in Pima County, Arizona.

2. Defendant Rony Transportation, LLC is a Florida limited liability company involved in interstate trucking and doing business in the State of Arizona.

3. Defendant Kings Way USA Transport, Inc. is a Florida corporation involved in interstate trucking and doing business in the State of Arizona.



4. Defendant Rigoberto Santander resides in the State of Florida.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 exclusive of interests and costs, and this is an action by an individual plaintiff against Defendants residing in another state and with its principal place of business in another state.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because the Defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## FACTUAL ALLEGATIONS

### COLLISION

7. On August 31, 2019, at approximately 3:50 a.m., Plaintiff Mason Ruse was a seatbelt restrained driver operating his vehicle eastbound on Interstate 10 at or near milepost 211 in Eloy, Arizona.

8. Upon information and belief, Defendant Rigoberto Santander was operating a 2011 International tractor-trailer (VIN. No. 3HSCUAPR7BN375171) entrusted to him by Defendants Kings Way USA Transport, Inc. and Rony Transportation, LLC.

9. Defendant Rigoberto Santander was operating the 2011 International tractor-trailer eastbound on Interstate 10 at or near milepost 211.

10. Defendant Rigoberto Santander pulled the semi-truck off the road onto the right emergency shoulder.

11. Defendant Rigoberto Santander executed an illegal u-turn by crossing all lanes of eastbound traffic on Interstate 10 in an attempt to cross the divided median onto the westbound lanes of Interstate 10.

12. Defendant Rigoberto Santander was blocking all lanes of traffic on eastbound Interstate 10 as a result of his attempt to make an illegal u-turn.

13. Plaintiff Mason Ruse was unable to avoid a collision and crashed into the side of the semi-truck operated by Defendant Rigoberto Santander.

**INJURIES**

14. Plaintiff Mason Ruse sustained serious injuries as the result of the collision involving the semi-truck operated by Defendant Rigoberto Santander.

15. As a result of his injuries, Plaintiff Mason Ruse required significant medical treatment, including surgery and post-surgical rehabilitation.

16. As a further result of his injuries, Plaintiff Mason Ruse underwent surgery on his right knee on August 31, 2019 that consisted of the following:

- Right knee arthrotomy and washout, both medially and laterally
- Partial excision of complex right medial meniscal tear
- Primary repair of right medial collateral ligament tear
- Debridement to bone of open tibial fracture, Gustilo type 2

17. Plaintiff Mason Ruse has incurred medical expenses for treatment of his injuries sustained in the collision on August 31, 2019.

18. Plaintiff Mason Ruse will incur future medical expenses in amounts to be proven at trial.

**ENTRUSTMENT OF SEMI-TRUCK AND *RESPONDEAT SUPERIOR***

19. Upon information and belief, at all relevant times, Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. owned, maintained and controlled the semi-tractor trailer involved in the collision with Plaintiff Mason Ruse, identified as 2011 International, VIN 3HSCUAPR7BN375171, and bearing Florida license plates JA87GE (tractor) and 0271CX (trailer).

20. Upon information and belief, at all times referenced herein, Defendant Rigoberto Santander was acting as an agent, employee or representative for and on behalf of Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. and was at all times acting within the authorized scope of said employment. Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. are liable to Plaintiff under the doctrine of *respondeat superior*.

**CLAIM ONE
NEGLIGENCE
(AGAINST ALL DEFENDANTS)**

21. Plaintiff incorporates herein by reference the allegations in paragraphs 1–20.

22. Defendant Rigoberto Santander operated his tractor-trailer in such an unsafe, reckless, careless and negligent manner so as to cause the collision with Plaintiff Mason Ruse.

23. As a direct and proximate result of the negligence of Defendant Rigoberto Santander, Plaintiff Mason Ruse suffered physical injuries in amounts to be proven at trial.

24. As a further direct and proximate result of the negligence of Defendant Rigoberto Santander, Plaintiff Mason Ruse suffered pain, discomfort and suffering, past and future, in amounts to be proven at trial.

25. As a further direct and proximate result of the negligence of Defendant Rigoberto Santander, Plaintiff Mason Ruse incurred medical expenses in amounts to be proven at trial.

26. As a further direct and proximate result of the negligence of Defendant Rigoberto Santander, Plaintiff Mason Ruse will incur future medical expenses in amounts to be proven at trial.

27. As a further direct and proximate result of the negligence of Defendant Rigoberto Santander, Plaintiff Mason Ruse sustained lost income and lost earning capacity in amounts to be proven at trial.

28. As a further direct and proximate result of the negligence of Defendant Rigoberto Santander, Plaintiff Mason Ruse has been generally damaged in amounts in excess of the minimum jurisdictional limits of this Court.

## CLAIM TWO
## NEGLIGENCE *PER SE*
## (AGAINST ALL DEFENDANTS)

29. Plaintiff incorporates herein by reference the allegations in paragraphs 1–28.

30. At the aforementioned date and place, Defendant Rigoberto Santander was in violation of one or more statutes regarding Arizona traffic laws and federal interstate trucking regulations, including, but not limited to, A.R.S. § 28-731, A.R.S. § 28-701(A) and 49 CFR § 392.2, and therefore was negligent *per se*.

31. The wrongful acts alleged above were each substantial and proximate causes that contributed to the injuries and damages of Plaintiff Mason Ruse.

## CLAIM THREE
## NEGLIGENT HIRING, SUPERVISION AND RETENTION
## (AGAINST DEFENDANTS RONY TRANSPORTATION, LLC AND KINGS WAY USA TRANSPORT, INC.)

32. Plaintiff incorporates herein by reference the allegations in paragraphs 1–31.

33. Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. failed to properly hire, train and supervise its employees, including Defendant Rigoberto Santander.

34. Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. failed to properly develop, implement and enforce safe work policies and procedures.

35. Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. failed to take reasonable precautions by failing to properly train his employees to make reasonable, safe decisions while driving.

36. Defendants Rony Transportation, LLC and Kings Way USA Transport, Inc. failed to meet the standards of care requisite in the trucking industry.

37. The wrongful acts alleged above were each substantial and proximate causes that contributed to the injuries and damages of Plaintiff Mason Ruse.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mason Ruse requests judgment be entered against the Defendants, and each of them, as follows:

1. For special damages in an amount to be proven at trial.

2. For general damages in an amount to be proven at trial.

3. For an amount representative of Plaintiff's past medical expenses in amounts to be proven at trial.

4. For an amount representative of Plaintiff's future medical expenses in amounts to be proven at trial

5. For an amount representative of Plaintiff's lost income and lost earning capacity in amounts to be proven at trial.

6. For all costs incurred and to be incurred herein.

7. For interest on the above sums from the date of judgment until paid.

8. For such further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable with the maximum number of jurors permitted by law.

RESPECTFULLY SUBMITTED this 6th day of October 2020.

**O'STEEN & HARRISON, PLC**

_____
Jonathan V. O'Steen
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
Attorneys for Plaintiff

Ruse v. Rony Transportation, LLC, et al.                    Complaint
                                                              Page 7

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

/s/ Jonathan V. O'Steen

c:\sync\clients\ruse, mason\pleadings\complaint\complaint.docx